Mark Lindquist (WA #25076)
mark@hlg.lawyer
Herrmann Law Group
505 Fifth Ave S, Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT IN AND FOR
THE WESTERN DISTRICT OF WASHINGTON IN SEATTLE**

| | |
|---|---|
| DONNITTA SINCLAIR, mother of deceased HORACE LORENZO ANDERSON, JR., individually,<br><br>Plaintiff,<br><br>Vs.<br><br>CITY OF SEATTLE, a municipality,<br><br>Defendant. | No. 2:21-cv-00571<br><br>PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION |

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff respectfully makes the following objections to the Report and Recommendation entered in this matter on September 21, 2021 *See* Dkt. 25. For the reasons stated below, the Report should not be followed, and this case should not be dismissed.

**INTRODUCTION**

Defendant City of Seattle affirmatively abandoned a section of the city and deprived citizens of police protection. This extraordinary decision created an area that became nationally known as the Capitol Hill Occupied Protest or "CHOP."

The Defendant enabled, encouraged, and extended CHOP. Aware of the dangers of creating a "no-cop zone," City officials nonetheless lured visitors, including Lorenzo

No. 2:21-cv-00571
PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION - 1

**HERRMANN LAW GROUP**
505 5th Ave So., Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

Anderson, a special needs teenager, into the area by referring to it as "a block party" and "summer of love." Anderson was shot and killed in the CHOP.

While government entities are not generally liable for criminal acts of third parties, there are exceptions to the rule. This case meets the requirements of the "state-created danger" exception.

## LEGAL STANDARD

This Court's review is *de novo*. *See* 28 U.S.C. § 636(b)(1) "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

## OBJECTIONS

### I. DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

The Report concludes that Plaintiff's claim fails because the danger created by the Defendant was not specific to Anderson. *See* Dkt. 25, Report and Recommendation at 6 and 9.

State-created danger case law generally involves scenarios where individuals or groups were specifically targeted by state actors. However, specificity, at least not the rigid type contemplated in the Magistrate's report, is not required. Such a narrow reading would be bad public policy allowing the state to create dangerous situations for the public, including particularly vulnerable members, with no legal consequences.

**A. Defendant put Mr. Anderson in Actual and Particular Danger**

When the city established and affirmatively enabled a "no-cop zone" in an urban area, this created an obvious danger. Further, the city invited the public into the area by deceptively referring to it as a "block party" and "summer of love." Anderson, a special needs teenager, was particularly vulnerable to the lure.

Our law is clear the state is liable if the state actor has "thrown" a victim into a "snake pit," to use Judge Posner's often-cited metaphor for state-created danger. *Bowers v. Devito*, 686 F.2d 616 at 618 (7th Cir. 1982). Though throwing a victim and luring a victim

No. 2:21-cv-00571
PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION - 2

**HERRMANN LAW GROUP**
505 5th Ave So., Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710

is technically a different act, the result to the victim is the same, and the law should be the same.

### B. Defendant Demonstrated Deliberate Indifference

Defendant knew a "no-cop" or "no response" zone presented a danger. To show deliberate indifference, all Plaintiff must plausibly allege is the Defendant "disregarded a known or obvious consequence" of the state action. *Martinez v. City of Clovis*, 943 F.3d 1260, 1274 (9th Cir. 2019). The law allows courts to apply common sense to infer this indifference. "[T]he inherent danger facing a woman left alone at night in an unsafe area is a matter of common sense." *Wood v. Ostrander*, 879 F.2d 583, at 1219 (9th Cir. 1989).

The Report suggests Defendant did not demonstrate deliberate indifference as Defendant "did not cut off essential services because SPD had a policy of entering the area for 'life-threatening crime' and had an ambulance 'standing by about a block and a half away.'" *See* Dkt. 25, Report and Recommendation at 8. The fact remains, for purposes of a 12(b)(6) motion, that Defendant was deliberately indifferent to the danger of a "no-cop" zone in an urban area. A stated policy of entering the area only for "life-threatening" crimes – *e.g. after a victim is shot multiple times* – and having an ambulance stand by to cope with the foreseeable violence does not mitigate the indifference.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully objects to the Magistrate Judge's Report and Recommendation. In the interest of justice and public policy, Defendant's Motions to Dismiss should be denied.

Dated this 4th day of October, 2021.

**HERRMANN LAW GROUP**

*/s/ Mark Lindquist*
_____
Mark Lindquist (WA #25076)
Attorney for Plaintiff

No. 2:21-cv-00571
PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION - 3

HERRMANN LAW GROUP
505 5th Ave So., Ste. 330
Seattle, WA 98104
T: 206-625-9104
F: 206-682-6710