THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNITTA SINCLAIR,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF SEATTLE,<br><br>          Defendant. | CASE NO. C21-0571-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 26) to the report and recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. No. 25). Having thoroughly considered the R&R, the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Plaintiff's objections, ADOPTS the R&R, and GRANTS Defendant's motion to dismiss (Dkt. No. 12) for the reasons explained herein.

I.   BACKGROUND

Plaintiff's suit against the City follows the tragic death of her son, Lorenzo Anderson, Jr., who was allegedly killed within the CHOP[1] by Marcel Long. The R&R sets forth the detailed facts and procedural history of this case and the Court will not repeat them here. (*See* Dkt. No.

---

[1] The Capitol Hill Organized Protest ("CHOP") occurring from June 8, 2020 through July 1, 2020.

25 at 1–4.) In the R&R, Judge Creatura recommends that the Court grant the City's motion to dismiss. (*Id.* at 10.) Plaintiff, in objecting to Judge Creatura's recommendation, takes issue with his findings that (a) Plaintiff failed to articulate actions by the City that created a particularized danger to Mr. Anderson, Jr. within the CHOP and (b) Plaintiff's allegations do not establish the City's deliberate indifference to the known dangers presented to Mr. Anderson, Jr. during the CHOP. (Dkt. No. 26 at 2–3.)

## II.   DISCUSSION

### A.   Legal Standard

A district court reviews *de novo* those portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1) (2018); Fed. R. Civ. P. 72(b)(3). Objections must enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains factual allegations that state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

### B.   Liability of City for Acts of Private Parties

Plaintiff's amended complaint, brought pursuant to 42 U.S.C. § 1983, asserts a Substantive Due Process claim based on the City's failure to protect Mr. Anderson, Jr. from harm within the CHOP. (Dkt. No. 8 at 7–8.) Ordinarily, the City's failure to prevent third-party criminal conduct cannot violate Substantive Due Process. *DeShaney v. Winnebago County Dep't of Soc. Services*, 489 U.S. 189, 197 (1989). However, Plaintiff relies on the state-created danger

doctrine, which provides an exception to the rule. (*See* Dkt. No. 13 at 4–9.) Indeed, the doctrine would apply here if (1) the City's affirmative actions created or exposed Mr. Anderson, Jr. to "an actual, particularized danger that [he] would not otherwise have faced," (2) Mr. Long's alleged attack was foreseeable, and (3) the City was "deliberately indifferent to the known danger" of an attack like the one Mr. Anderson, Jr. suffered. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018). It is undisputed, at least for purposes of Defendant's motion, that Plaintiff's amended complaint adequately alleges the second element. (*See* Dkt. No. 12 at 8 n.1.) However, Plaintiff takes issue with Judge Creatura's recommendation that her amended complaint does not satisfy the first and third elements for a failure to prevent claim. (Dkt. No. 26 at 2–3.)

          1. <u>Particularized Danger</u>

To withstand the City's motion to dismiss, Plaintiff's amended complaint must provide facts indicating that the City "affirmatively created an actual, particularized danger [that Mr. Anderson, Jr.] would not otherwise have faced" absent the City's actions. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1063 (9th Cir. 2006). According to Plaintiff's amended complaint, the City condoned the CHOP and encouraged protestors by (a) abandoning the SPD East Precinct, (b) providing additional lighting and portable public toilets, (c) modifying first responder protocols and (d) making public comments encouraging protesters to visit the area. (Dkt. No. 8 at 3–6.) Judge Creatura reasoned that these acts, even if true, do not represent a particularlized danger to Mr. Anderson, Jr., because none of the acts were *specific to him*. (*See* Dkt. No. 25 at 6 (citing *Hernandez*, 897 F.3d at 1133; *Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1087 (9th Cir. 2000); *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989); *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997).)

The cases Plaintiff cited in her opposition brief, considered by Judge Creatura, do not support her contention that his R&R erred in its analysis. (*See* Dkt. No. 13 at 5–6) In *Wood v. Ostrander*, for example, officers deliberately left a woman in a high crime area, where she was eventually attacked. *See* 879 F.2d 583, 586 (9th Cir. 1989). Simlarly, in *L.W. v. Grubbs*, prison

supervisors knowingly assigned a nurse to work alone with a violent sex offender. *See* 974 F.2d 119, 120 (9th Cir. 1992). Plaintiff also cites *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982), in her objection brief. (*See* Dkt. No. 26 at 2.) But in that case the court *upheld* a lower court decision dismissing a failure to protect claim for much the same reason Judge Creatura recommends dismissal here. *See Bowers*, 686 F.2d at 619.

Nor does the Court find *Hunters Capital LLC v. City of Seattle,* 499 F. Supp. 3d 888 (W.D. Wash. 2020), particularly relevant, given the distinguishable facts. In that case, the plaintiffs lived and worked within the CHOP; they were not there by choice. *See* Case No. C20-0983-TSZ, Dkt. No. 9 (W.D. Wash 2020). Moreover, the complaint alleged the City instituted an affirmative policy of not responding to property damage calls. *Id.* This is meaningfully different from Plaintiff's allegation of a modified operation plan focused on protecting the health of protestors *and* first responders. (*See* Dkt. No. 8 at 3–6.) If anything, the facts presented in Plaintiff's amended complaint are more analgous to *Johnson v. City of Seattle*, where the Ninth Circuit affirmed the dismissal of claims brought by Mardi Gras revelers who were injured in attacks by private parties. *See* 474 F.3d 634, 639–41 (9th Cir. 2007).

Accordingly, the Court FINDS that Judge Creatura did not err in concluding that Plaintiff "has not alleged facts to support her claim that the City created an actual, particularized danger for Mr. Anderson." (Dkt. No. 25 at 7.)

2. <u>Deliberate Indifference</u>

While the finding above is sufficient to dismiss Plaintiff's amended complaint, the Court will also address Plaintiff's objection to Judge Creatura's recommendation that the complaint fails to allege the requisite deliberate indifference. (*See* Dkt. Nos. 25 at 7–9, 26 at 3.)

According to the amended complaint, it took first responders 20 minutes to enter the CHOP following the shooting. (*Id.*) Even reading Plaintiff's allegations in the light most favorable to her, the need for time to organize, given what she alleges was "the crowd's hostility" towards the SPD, does not reflect a deliberate indifference toward Mr. Anderson Jr.'s

welfare. (*Id.* at 5.)  Rather, it suggests an equal concern for the welfare of the first responders. Moreover, Plaintiff's allegation that the delay was due, in part, to "[m]iscommunication" between first responders, (*id.*), also prevents her from establishing that any indifference was deliberate. *See Patel vs. Kent School District,* 648 F.3d 965, 974 (9th Cir. 2011) ("[T]he standard we apply is even higher than gross negligence—deliberate indifference requires a culpable mental state.").

Accordingly, the Court FINDS that Judge Creatura did not err in finding that Plaintiff's amended complaint failed to adequately plead facts supporting allegations of a deliberate indifference to Mr. Anderson Jr.'s welfare.

## III.   CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Plaintiff's objections (Dkt. No. 26) to the R&R are OVERRULED;
2. The Court APPROVES and ADOPTS the R&R (Dkt. No. 25);
3. Defendant's motion to dismiss (Dkt. No. 12) is GRANTED and Plaintiff's complaint is DISMISSED with prejudice; and
4. The Clerk is DIRECTED to send a copy of this order to Judge Creatura.

DATED this 1st day of November 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE